**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

| | |
|---|---|
| AVE MARIA UNIVERSITY,<br><br>    *Plaintiff*,<br>v.<br><br>KATHLEEN SEBELIUS, Secretary of the United States Department of Health and Human Services, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, HILDA SOLIS, Secretary of the United States Department of Labor, UNITED STATES DEPARTMENT OF LABOR, TIMOTHY GEITHNER, Secretary of the United States Department of the Treasury, and UNITED STATES DEPARTMENT OF THE TREASURY,<br><br>    *Defendants*. | CIVIL NO. 2:12-CV-00088-UA-SPC |

**REPORT ON INITIAL CONFERENCE**

The parties in this matter met in person on June 26, 2012, at 10 a.m., pursuant to Federal Rule 26(f) and Local Rule 3.05(c)(2)(B). Plaintiff Ave Maria University was represented by the following counsel:

> Kyle Duncan
> The Becket Fund for Religious Liberty
> 3000 K Street, NW, Ste. 221
> Washington, DC 20007
> (202) 349-7221

Defendants Secretary Kathleen Sebelius, United States Department of Health and Human Services, Secretary Hilda Solis, United States Department of Labor, Secretary Timothy Geithner, and United States Department of Treasury are represented by the following counsel:

Benjamin Berwick
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W., Rm. 7306
Washington, DC 20530
(202) 305-8573

### INITIAL DISCLOSURES OF INFORMATION

The parties agree to provide initial disclosures pursuant to Rule 26(a)(1) thirty days after the beginning of discovery. The parties were unable to agree on a date for discovery to begin.

<u>Plaintiff</u>: The University requests that discovery proceed as soon as possible under the Court's direction.

<u>Defendants</u>: Defendants request that the Court delay the commencement of discovery until Defendants' pending motion to dismiss this case for lack of jurisdiction is resolved. Concurrent with the filing of this report, Defendants have moved the Court for a stay of discovery until resolution of the motion to dismiss. Defendants also maintain that, even if their motion to dismiss is denied, discovery is unnecessary for adjudication of Plaintiff's constitutional claims and Administrative Procedure Act claims. Discovery on those claims, which are purely legal, is not appropriate and should be limited to review of the administrative record.

### JOINDER AND AMENDMENT

The parties agree that August 7, 2012 should be the deadline to amend the complaint and for filing all motions for leave to file third party claims or to join other parties.

**DISCOVERY PLAN**

    a. **Discovery Limitations:**

At this time, neither party proposes modifications to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

Neither party proposes limitations on the length of depositions, beyond those contained in the Federal Rules.

Neither party proposes limitations on the number of requests for production and/or requests for admission.

b. **Discovery Cutoff:**

<u>Plaintiff</u>: Plaintiff proposes that discovery conclude February 28, 2013, or eight months from the commencement of discovery, whichever is later. Plaintiff believes that eight months would provide sufficient time to complete discovery in this matter without unduly delaying resolution of this matter.

<u>Defendants</u>: Defendants propose that discovery, if any, conclude nine months from the commencement of discovery. As stated already, Defendants request that discovery not commence prior to resolution of Defendants' pending motion to dismiss for lack of jurisdiction.

    c. **Expert Disclosures:**

<u>Plaintiff</u>: Plaintiff anticipates presenting expert witnesses. Plaintiff believes that the presence of expert witnesses may be necessary, should Defendants produce significant scientific, economic, or technical materials during discovery, and that the presence of expert witnesses would assist the Court in resolving this matter.

Proposed dates for expert witness disclosure and rebuttal:

January 17, 2013, or 45 days prior to the close of discovery, whichever is later, for expert witness disclosures. February 14, 2013, or 15 days prior to the close of discovery, whichever is later, for rebuttal expert disclosures.

Defendants: Defendants do not anticipate presenting expert witnesses at this time, but reserve the right to do so in the event their motion to dismiss is denied and Plaintiff seeks to present expert witnesses. Defendants maintain that expert testimony is unnecessary for adjudication of Plaintiff's constitutional claims and Administrative Procedure Act claims. Discovery on those claims, which are purely legal, is not appropriate and should be limited to review of the administrative record.

   d. **Electronically stored information:**

Plaintiff: The University anticipates that Defendants and third parties have electronically stored information relevant to its causes of action and Defendants' defenses that may not be included in the administrative record. Such electronically stored information may be relevant to, for example, Plaintiff's discriminatory intent claim under the Free Exercise Clause, Plaintiff's "general applicability" claim under the Free Exercise Clause, and Defendants' "compelling government interest" and "narrowly tailored" defenses. The University plans to seek this information, and to request that it be provided in its native format.

Defendants: Defendants do not anticipate seeking any electronically stored information from Plaintiff. Defendants further object to Plaintiff's request for electronically stored information. The electronically stored information Plaintiff seeks, if any such information

exists, is not relevant to Plaintiff's constitutional claims, which are purely legal and should be decided based solely on the administrative record. Moreover, any electronically stored information is likely privileged, and the burden and expense of producing any such information outweighs any benefit of the information.

   e. **Written Discovery:**

The parties agree that, if discovery is allowed to proceed at all, written discovery should be propounded in time for responses to be completed before the discovery cutoff.

Plaintiff: Beyond the administrative record, the University anticipates requesting written interrogatories from Defendants and third parties. For example, the University anticipates propounding interrogatories concerning Plaintiff's "general applicability" claim and Defendants' "compelling government interest" and "narrowly tailored" defenses.

Defendants: As noted above, Defendants maintain that discovery on Plaintiff's Administrative Procedure Act claims and constitutional claims, which are purely legal, is not appropriate. If the Court denies Defendants' pending motion to dismiss for lack of jurisdiction or the Court does not stay discovery pending a ruling on this motion, Defendants may request written interrogatories from Plaintiff as well as Plaintiff's officers, directors, or employees, with respect to Plaintiff's Religious Freedom Restoration Act claim.

   f. **Depositions:**

Plaintiff: The University anticipates conducting oral depositions of Defendant Secretary Sebelius and other Defendant Secretaries and officials within the Defendant Agencies. The University also anticipates third-party depositions, including of members of the

Institute Of Medicine ("IOM") and the Committee on Preventive Services for Women and their staff.

<u>Defendants</u>: As noted above, Defendants maintain that discovery on Plaintiff's constitutional claims and Administrative Procedure Act claims, which are purely legal, is not appropriate. If the Court denies Defendants' pending motion to dismiss for lack of jurisdiction or the Court does not stay discovery pending a ruling on this motion, Defendants may depose Plaintiff as well as Plaintiff's officers, directors, or employees, with respect to Plaintiff's Religious Freedom Restoration Act claim. Defendants reserve the right to depose others not identified here to the extent that discovery reveals other relevant sources of information. Furthermore, Defendants object to Plaintiff's proposed taking of oral depositions of cabinet secretaries and other high level government officials, which would unduly interfere with the performance of official functions and inappropriately inquire into the mental processes of agency decision-making.

    **g. <u>Magistrate judge</u>:**

The parties have not consented to the exercise of jurisdiction by a magistrate judge.

    **h. <u>Other matters</u>:**

The parties anticipate that the Court will need to resolve disputes over whether high-level officials within the Defendant Agencies can be required to appear for deposition. The parties anticipate that the Court may need to resolve a dispute over whether adjudication of Plaintiff's constitutional claims and Administrative Procedure Act claims should be limited to review of the administrative record. The parties also anticipate that

the Court will need to resolve disputes over production of documents not included by Defendants in the administrative record.

Plaintiff: The University requests that Defendants be ordered to produce the administrative record within forty days after beginning of discovery, as would be required by the Federal Rules of Appellate Procedure in cases triggering direct appellate review of agency action. *See* Fed. R. App. P. 17(a). Plaintiff notes that the Defendants have already compiled and produced the administrative record for this rulemaking in another case, currently pending in the District of Colorado.

The University also plans to seek discovery outside the administrative record, as it believes Defendants and third parties possess information outside the administrative record relevant to, for example, the University's "general applicability" claim under the Free Exercise Clause, as well as information relevant to Defendants' "compelling government interest" and "narrowly tailored" defenses.

Defendants: As stated above, Defendants maintain that discovery should be stayed until the Court resolves Defendants' pending motion to dismiss this case for lack of jurisdiction. If the Court denies Defendants' motion to dismiss or the Court does not stay discovery, Defendants agree to produce the administrative record within forty days after the commencement of discovery. Defendants note that the administrative record will be provided pursuant to the requirements of the Administrative Procedure Act, not the Federal Rules of Civil Procedure governing discovery.

### DISPOSITIVE MOTIONS

<u>Plaintiff</u>: The University proposes March 28, 2013, or 30 days after the close of discovery, whichever is later, as the deadline for filing dispositive motions.

<u>Defendants</u>: As noted, Defendants have already filed a motion to dismiss for lack of jurisdiction. If the Court were to deny that motion, Defendants propose that dispositive motions be filed within 60 days of the close of discovery.

### ALTERNATIVE DISPUTE RESOLUTION

The parties have discussed the possibility of settlement and believe it is unlikely. Therefore the parties believe that mediation or alternative dispute resolution is unnecessary in this case.

### TRIAL DATES

The parties agree that, following discovery, this case is likely to be resolved without genuine disputes of material facts by filing cross-motions for summary judgment. If a trial is necessary, the parties propose the following dates:

<u>Plaintiff</u>:

Pretrial Report: May 18, 2013, or 45 days after the close of discovery, whichever is later.

Pretrial Conference: May 25, 2013, or 7 days after the pretrial report, whichever is later.

<u>Defendants</u>:

Pretrial Report: 90 days after the close of discovery (i.e. 30 days after Defendants' proposed deadline for filing dispositive motions).

Pretrial Conference: Seven days after the pretrial report.

### INITIAL SCHEDULING CONFERENCE

The parties do not request an initial scheduling conference before entry of a Case Management and Scheduling Order in this Track Two case.

APPROVED:


 /s/ S. Kyle Duncan                                  /s/ Benjamin Berwick
S. Kyle Duncan                               Benjamin Berwick
The Becket Fund for Religious Liberty        United States Department of Justice
3000 K Street, NW, Ste. 220                  20 Massachusetts Avenue N.W.
Washington, DC 20007                         Washington, DC 20530
(202) 349-7221                               (202) 305-8573

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and that the following parties were served via that system:

Benjamin Berwick
United States Department of Justice
20 Massachusetts Avenue NW
Washington, DC 20001

Eric R. Womack
United States Department of Justice
20 Massachusetts Avenue NW
Washington, DC 20001

                                              Respectfully submitted,
                                              /s/ S. Kyle Duncan_____
                                              S. Kyle Duncan, LA Bar No. 25038
                                              THE BECKET FUND FOR RELIGIOUS LIBERTY
                                              3000 K St. NW, Ste. 220
                                              Washington, DC 20007
                                              Tel.:   (202) 955-0095
                                              Fax:   (202) 955-0090