UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AVE MARIA UNIVERSITY,

       Plaintiff,

V.                                  Case No:  2:12-CV-88-FtM-99SPC

KATHLEEN SEBELIUS, U.S.
DEPARTMENT OF HEALTH AND
HUMAN SERVICES, HILDA SOLIS,
UNITED STATES DEPARTMENT
OF LABOR, TIMOTHY GEITHNER
and UNITED STATES
DEPARTMENT OF TREASURY,

       Defendants.

_____/

## ORDER

This matter comes before the Court on Defendants' Motion to Stay Discovery Pending Resolution of Motion to Dismiss (Doc. #31) filed on July 10, 2012.  In this case, the Plaintiff filed a Complaint challenging the Patient Protection and Affordable Care Act of 2010's Regulatory Mandate requiring group health plans to provide coverage for women's preventative care and screenings without cost sharing, which the Plaintiff contends violates their religious beliefs.  (Doc. #1).  On May 04, 2012, the Defendants filed a Motion to Dismiss for Lack of Jurisdiction.  (Doc. #22).  Due to the fact that the Defendants' Motion to Dismiss is pending, the Defendants filed the instant Motion, seeking the Court to stay discovery until the Court rules on the potentially dispositive motion. As both parties have submitted briefs to the Court on the instant motion, the issue is now ripe for review.

When ruling on motions to stay discovery, Courts in this District have held that "[m]otions to [s]tay discovery may be granted pursuant to Rule 26(c), Fed. R. Civ. P., and the moving party bears the burden of showing good cause and reasonableness." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citing Howard v. Galesi, 107 F.R.D. 348 (S.D.N.Y.1985)). Moreover, "such motions are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." Id. (citing Kron Medical Corp. v. Groth, 119 F.R.D. 636 (M.D.N.C.1988)). "Finally, the Court ordinarily should not stay discovery which is necessary to gather facts in order to defend against the motion." Id. (citing Wilderness Soc. v. Griles, 824 F.2d 4 (D.C.Cir.1987); Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550 (11th Cir.1985)).

"In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." Id. In this case, the Defendants contend that going forward with discovery "would impose a heavy burden on the Defendants" because of "the large number of other challenges to the preventive services coverage regulations defendants are litigating across the country." (Doc. #31, P. 6).

The Defendant relies on Chadsuma v Mazda Corporation, 123 F.3d 1353, 1367 (11th Cir. 1997), for the general proposition that discovery should be stayed until a pending motion to dismiss is resolved. Chadsuma states: "[f]acial challenges based on the failure to state a claim for relief, should, however, be resolved before discovery begins. Id. at 1368. However, this argument fails. Chadsuma does not stand for the proposition that all discovery should be stayed pending a decision on a motion to dismiss. Koock v. Sugar & Felsenthal, LLP, 2009 WL

2579307 * 2 (M.D. Fla. August 19, 2009). "Instead, <u>Chadsuma</u> and its progeny 'stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." <u>Schreiber v Kite King's Lake, LLC.</u>, 2010 WL 3909717 *1 (M.D.Fla. October 1, 2010); <u>Koock</u>, 2009 WL 2579307 at * 2; <u>In re Winn Dixie Stores, Inc.</u>, 2007 WL 1877887  *1 (M.D. Fla. June 28, 2007).

Due to the fact that there are a "large number of other challenges" by similarly situated plaintiffs, even if the Defendants' Motion to Dismiss is granted, the Defendants will still have to conduct nearly identical discovery in numerous other cases.  Therefore, because the Defendant will conduct discovery on the issue in this case whether or not the Defendants succeed on their Motion to Dismiss, the Court finds that the potential "harm produced by a delay in discovery" outweighs "the possibility that the motion will be granted and entirely eliminate the need for such discovery".

Accordingly, it is now

**ORDERED:**

Defendants' Motion to Stay Discovery Pending Resolution of Motion to Dismiss (Doc. #31) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 31st day of July, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record