UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

**AVE MARIA UNIVERSITY,**

              Plaintiff,

v.                                                            Case No. 2:12-cv-88-FtM-29SPC

**KATHLEEN SEBELIUS.** Secretary of the
United States Department of Health and Human
Services, The **UNITED STATES
DEPARTMENT OF HEALTH AND HUMAN
SERVICES, HILDA SOLIS, UNITED STATES
DEPARTMENT OF LABOR, TIMOTHY
GEITHNER,** Secretary of the United States
Department of the Treasury, and the **UNITED
STATES DEPARTMENT OF THE TREASURY,**

              Defendants.
_____/

CASE MANAGEMENT REPORT[1]

The parties have agreed on the following dates and discovery plan pursuant to Fed. R. Civ. P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1)** [Court recommends 30 days after CMR meeting] | 30 days after beginning of discovery. |
| **Certificate of Interested Persons and Corporate Disclosure Statement** [each party who has not previously filed must file immediately] | Plaintiffs filed 3/13/12 Defendants filed 5/16/12 |
| **Motions to Add Parties or to Amend Pleadings** [Court recommends 1 - 2 months after CMR meeting] | August 7, 2012 |
| **Disclosure of Expert Reports**     Plaintiff:     Defendant: [Court recommends last exchange 6 months before trial and 1-2 months before discovery deadline to allow expert depositions] | No agreed date. See Part IV(C)(5)(a) below. |

---

[1] The Case Management Report has been amended to conform with amendments and proposed amendments to the Federal Rules of Civil Procedure and/or Local Rules

| | |
|---|---|
| **Discovery Deadline**<br>[Court recommends 5 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | No agreed date. See Part II(A) below. |
| **Dispositive Motions, *Daubert*, and *Markman* Motions**<br>[Court requires 4 months or more before trial term begins] | No agreed date. See Part II(B) below. |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement**<br>[(14) days before Joint Final Pretrial Statement] | No agreed date. See Part II(C) below. |
| **Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form [a Word or WordPerfect version may be e-mailed to the Chambers mailbox] Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form)**<br>[Court recommends 3 weeks before Final Pretrial Conference and no later than 7 days before the Final Pretrial Conference] | No agreed date. See Part II(C) below. |
| **All Other Motions Including Motions *In Limine*, Trial Briefs**<br>[Court recommends 3 weeks before Final Pretrial Conference] | 3 weeks before Final Pretrial Conference. See Part II(C) below. |
| **Final Pretrial Conference**<br>[Court will set a date that is approximately 3 weeks before trial] | No agreed date. See Part II(C) below. |
| **Trial Term Begins**<br>[Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term *must not* be less than 4 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first business day of the first full week of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | No agreed date. See Part II(C) below. |
| **Estimated Length of Trial**   [trial days] | 3 days |
| **Jury / Non-Jury** | Non-Jury |
| **Mediation**                                          Deadline:<br>                                                        Mediator:<br>                                                         Address:<br><br>                                                        Telephone:<br><br>[Absent arbitration, mediation is *mandatory*; Court recommends either 2-3 months after CMR meeting, or just after discovery deadline] | The parties have the discussed the possibility of settlement and hereby request that the Court waive the mediation requirement. |
| **All Parties Consent to Proceed Before Magistrate Judge** | Yes____         No__X__<br><br>Likely to Agree in Future __No__ |

**I. Meeting of Parties in Person**

Lead counsel must meet in person and not by telephone absent an order permitting otherwise Counsel will meet in the Middle District of Florida, unless counsel agree on a different location.

Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A)[2] a meeting was held in person on

_June 26, 2012_____ (date) at _10:00 am_____ (time) at __20 Massachusetts Ave. NW, Washington, DC 20530__ (place) and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| Kyle Duncan | Becket Fund for Religious Liberty |
| Benjamin Berwick | United States Department of Justice |
| | |

**II. Preliminary Pretrial Conference**

Local Rule 3.05(c)(30(B) provides that preliminary pretrial conferences are **mandatory in Track Three cases**.

**Track Two cases**: Parties (check one) [___] request [X] do not request a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this track Two case.

The parties agree that the Court may decide the following disputed issues without a preliminary pretrial conference:

---

[2] A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov

<u>Plaintiff</u>: The University requests that discovery proceed as soon as possible under the Court's direction.

<u>Defendants</u>: Defendants request that the Court delay the commencement of discovery until Defendants' pending motion to dismiss this case for lack of jurisdiction is resolved. Defendants have moved the Court for a stay of discovery until resolution of the motion to dismiss. Defendants also maintain that, even if their motion to dismiss is denied, discovery is unnecessary for adjudication of Plaintiff's constitutional claims and Administrative Procedure Act claims. Discovery on those claims, which are purely legal, is not appropriate and should be limited to review of the administrative record.

**A. <u>Discovery Cutoff</u>:**

<u>Plaintiff</u>: Plaintiff proposes that discovery conclude February 28, 2013, or eight months from the commencement of discovery, whichever is later. Plaintiff believes that eight months would provide sufficient time to complete discovery in this matter without unduly delaying resolution of this matter.

<u>Defendants</u>: Defendants propose that discovery, if any, conclude nine months from the commencement of discovery. As stated already, Defendants request that discovery not commence prior to resolution of Defendants' pending motion to dismiss for lack of jurisdiction.

**B. <u>Dispositive Motions, *Daubert*, and *Markman* Motions</u>:**

<u>Plaintiff</u>: The University proposes March 28, 2013, or 30 days after the close of discovery, whichever is later, as the deadline for filing dispositive motions.

<u>Defendants</u>: As noted, Defendants have already filed a motion to dismiss for lack of jurisdiction. If the Court were to deny that motion, Defendants propose that dispositive motions be filed within 60 days of the close of discovery.

C. **Trial dates:**

The parties agree that, following discovery, this case is likely to be resolved without genuine disputes of material facts by filing cross-motions for summary judgment. If a trial is necessary, the parties propose the following dates:

Plaintiff:

Pretrial Report: May 18, 2013, or 45 days after the close of discovery, whichever is later.

Pretrial Conference: May 25, 2013, or 7 days after the pretrial report, whichever is later.

Defendants:

Pretrial Report: 90 days after the close of discovery (i.e. 30 days after Defendants' proposed deadline for filing dispositive motions).

Pretrial Conference: Seven days after the pretrial report.

### III. Pre-Discovery Initial Disclosures of Core Information

### Fed. R. Civ. P. 26(a)(1)(C) - (D) Disclosures

Fed. R. Civ. P. 26, as amended, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the court (the amendment(s) to Rule 26 supersedes Middle district of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties ____ have exchanged _X_ agree to exchange (check one)

information described in Fed. R. Civ. P. 26(a)(1)(C) - (D)

____ on _X_ by (check one) _30 days after beginning of discovery_____ (date).

Below is a description of information disclosed or scheduled for disclosure.

### IV. Agreed Discovery Plan for Plaintiffs and Defendants

**A. Certificate of Interested Persons and Corporate Disclosure Statement —**

  This Court has previously ordered each party, governmental party, intervener, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper — including emergency motion — is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

  Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

\_\_X\_\_\_ Yes

_____ No     Amended Certificate will be filed by _____ (party) on
            or before _____ (date).

**B. Discovery Not Filed —**

  The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03 (e). The parties further agree as follows:

**C. Limits on Discovery —**

  Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed. R. Civ .P. 30(a)(2)(A); Fed .R. Civ. P. 31(a)(2)(A). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed. R .Civ. P. 33(a). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed. R. Civ .P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

  1. Depositions: <u>Neither party proposes limitations on the presumptive number or length of depositions beyond those contained in the Federal Rules.</u>

  2. Interrogatories: <u>Neither party proposes modifications to the presumptive numbers of interrogatories contained in the Federal Rules.</u>

  3. Document Requests: <u>Neither party proposes limitations on the number of requests for production.</u>

  4. Requests to Admit: <u>Neither party proposes limitations on the number of requests to admit.</u>

  5. Supplementation of Discovery: <u>Neither party proposes limitations or other deviations from the requirement for supplementation of discovery contained in the Federal Rules.</u>

a. **Expert Disclosures:**

Plaintiff: Plaintiff anticipates presenting expert witnesses. Plaintiff believes that the presence of expert witnesses may be necessary, should Defendants produce significant scientific, economic, or technical materials during discovery, and that the presence of expert witnesses would assist the Court in resolving this matter.

Proposed dates for expert witness disclosure and rebuttal:

January 17, 2013, or 45 days prior to the close of discovery, whichever is later, for expert witness disclosures. February 14, 2013, or 15 days prior to the close of discovery, whichever is later, for rebuttal expert disclosures.

Defendants: Defendants do not anticipate presenting expert witnesses at this time, but reserve the right to do so in the event their motion to dismiss is denied and Plaintiff seeks to present expert witnesses. Defendants maintain that expert testimony is unnecessary for adjudication of Plaintiff's constitutional claims and Administrative Procedure Act claims. Discovery on those claims, which are purely legal, is not appropriate and should be limited to review of the administrative record.

b. **Electronically stored information:**

Plaintiff: The University anticipates that Defendants and third parties have electronically stored information relevant to its causes of action and Defendants' defenses that may not be included in the administrative record. Such electronically stored information may be relevant to, for example, Plaintiff's discriminatory intent claim under the Free Exercise Clause, Plaintiff's "general applicability" claim under the Free Exercise Clause, and Defendants' "compelling government interest" and "narrowly tailored" defenses. The University plans to seek this information, and to request that it be provided in its native format.

Defendants: Defendants do not anticipate seeking any electronically stored information from Plaintiff. Defendants further object to Plaintiff's request for electronically stored information. The electronically stored information Plaintiff seeks, if any such information exists, is not relevant to Plaintiff's constitutional claims, which are purely legal and should be decided based solely on the administrative record. Moreover, any electronically stored information is likely privileged, and the burden and expense of producing any such information outweighs any benefit of the information.

  c. **Depositions:**

Plaintiff: The University anticipates conducting oral depositions of Defendant Secretary Sebelius and other Defendant Secretaries and officials within the Defendant Agencies. The University also anticipates third-party depositions, including of members of the Institute Of Medicine ("IOM") and the Committee on Preventive Services for Women and their staff.

Defendants: As noted above, Defendants maintain that discovery on Plaintiff's constitutional claims and Administrative Procedure Act claims, which are purely legal, is not appropriate. If the Court denies Defendants' pending motion to dismiss for lack of jurisdiction or the Court does not stay discovery pending a ruling on this motion, Defendants may depose Plaintiff as well as Plaintiff's officers, directors, or employees, with respect to Plaintiff's Religious Freedom Restoration Act claim. Defendants reserve the right to depose others not identified here to the extent that discovery reveals other relevant sources of information. Furthermore, Defendants object to Plaintiff's proposed taking of oral depositions of cabinet secretaries and other high level government officials, which would unduly interfere with the performance of official functions and inappropriately inquire into the mental processes of agency decision-making.

**D. Discovery Deadline —**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:

a. **<u>Written Discovery</u>:**

<u>The parties agree that, if discovery is allowed to proceed at all, written discovery should be propounded in time for responses to be completed before the discovery cutoff.</u>

<u>Plaintiff: Beyond the administrative record, the University anticipates requesting written interrogatories from Defendants and third parties. For example, the University anticipates propounding interrogatories concerning Plaintiff's "general applicability" claim and Defendants' "compelling government interest" and "narrowly tailored" defenses.</u>

<u>Defendants: As noted above, Defendants maintain that discovery on Plaintiff's Administrative Procedure Act claims and constitutional claims, which are purely legal, is not appropriate. If the Court denies Defendants' pending motion to dismiss for lack of jurisdiction or the Court does not stay discovery pending a ruling on this motion, Defendants may request written interrogatories from Plaintiff as well as Plaintiff's officers, directors, or employees, with respect to Plaintiff's Religious Freedom Restoration Act claim.</u>

**E. Disclosure of Expert Testimony —**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed. R. Civ. P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

**F. Confidentiality Agreements —**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file

documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. (See Local Rule 1.09). The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:

**G. Electronically Stored Information and Claims of Privilege —**

Pursuant to Fed. R. Civ. P. 16, the parties have made the following agreements regarding the disclosure and discovery of electronically stored information as well as the assertion of claims of privilege or protection of trial preparation materials after production:

Plaintiff: The University anticipates that Defendants and third parties have electronically stored information relevant to its causes of action and Defendants' defenses that may not be included in the administrative record. Such electronically stored information may be relevant to, for example, Plaintiff's discriminatory intent claim under the Free Exercise Clause, Plaintiff's "general applicability" claim under the Free Exercise Clause, and Defendants' "compelling government interest" and "narrowly tailored" defenses. The University plans to seek this information, and to request that it be provided in its native format.

Defendants: Defendants do not anticipate seeking any electronically stored information from Plaintiff. Defendants further object to Plaintiff's request for electronically stored information. The electronically stored information Plaintiff seeks, if any such information exists, is not

relevant to Plaintiff's constitutional claims, which are purely legal and should be decided based solely on the administrative record. Moreover, any electronically stored information is likely privileged, and the burden and expense of producing any such information outweighs any benefit of the information.

**H. Other Matters Regarding Discovery —**

The parties anticipate that the Court will need to resolve disputes over whether high-level officials within the Defendant Agencies can be required to appear for deposition. The parties anticipate that the Court may need to resolve a dispute over whether adjudication of Plaintiff's constitutional claims and Administrative Procedure Act claims should be limited to review of the administrative record. The parties also anticipate that the Court will need to resolve disputes over production of documents not included by Defendants in the administrative record.

Plaintiff: The University requests that Defendants be ordered to produce the administrative record within forty days after beginning of discovery, as would be required by the Federal Rules of Appellate Procedure in cases triggering direct appellate review of agency action. *See* Fed. R. App. P. 17(a). Plaintiff notes that the Defendants have already compiled and produced the administrative record for this rulemaking in another case, currently pending in the District of Colorado.

The University also plans to seek discovery outside the administrative record, as it believes Defendants and third parties possess information outside the administrative record relevant to, for example, the University's "general applicability" claim under the Free Exercise Clause, as well as information relevant to Defendants' "compelling government interest" and "narrowly tailored" defenses.

Defendants: As stated above, Defendants maintain that discovery should be stayed until the Court resolves Defendants' pending motion to dismiss this case for lack of jurisdiction.  If the Court denies Defendants' motion to dismiss or the Court does not stay discovery, Defendants agree to produce the administrative record within forty days after the commencement of discovery.  Defendants note that the administrative record will be provided pursuant to the requirements of the Administrative Procedure Act, not the Federal Rules of Civil Procedure governing discovery.

**V. Settlement and Alternative Dispute Resolution.**

    **A. Settlement —**

        The parties agree that settlement is

        \_\_\_\_\_ likely __X__ unlikely (check one)

        The parties request a settlement conference before a United States Magistrate Judge.

        \_\_\_\_\_ yes __X__ no       likely to request in future

    **B. Arbitration —**

        Local Rule 8.02(a) defines those civil cases that will be referred to arbitration automatically.  Does this case fall within the scope of Local Rule 8.02(a)?

    \_\_\_\_\_ yes __X__ no

        For cases not falling within the scope of Local Rule 8.02(a), the parties consent to arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b):

    \_\_\_\_\_ yes __X__ no __not__     likely to agree in future

    _____ Binding _____Non-Binding

In any civil case subject to arbitration, the Court may substitute mediation for arbitration upon a determination that the case is susceptible to resolution through mediation. Local Rule 8.02(b). The parties agree that this case is susceptible to resolution through mediation, and therefore jointly request mediation in place of arbitration:

_____ yes __X__ no   likely to agree in future

**C. Mediation —**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation.  The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

<u>The parties have discussed the possibility of settlement and agree that mediation is unlikely to be productive in this case. They hereby request that the Court waive the mediation requirement. Upon the Court's instructions, the parties will agree to a mediator.</u>

**D. Other Alternative Dispute Resolution —**

The parties intend to pursue the following other methods of alternative dispute resolution:

Date: __August 9, 2012_____

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

| _/s/ S. Kyle Duncan_____ | _/s/ Benjamin Berwick_____ |
|---|---|
| The Becket Fund for Religious ___Liberty_____ | United States Department of____ __Justice_____ |
| 3000 K St. NW, Ste. 220_____ _____ | 20 Massachusetts Avenue NW,__ __Room 7306_____ |
| Washington, DC 20007_____ | Washington, DC 20001_____ |
| Tel.: (202) 955-0095_____ | Tel: (202) 305-8573_____ |
| Fax: (202) 955-0090_____ | Fax: (202) 616-8470 _____ |
| kduncan@becketfund.org_____ | benjamin.l.berwick@usdoj.gov___ |