UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**AVE MARIA UNIVERSITY,**

        **Plaintiff,**

v.                               **Case No:  2:12-cv-88-Ftm-99SPC**

**KATHLEEN SEBELIUS, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, HILDA SOLIS, UNITED STATES DEPARTMENT OF LABOR, TIMOTHY GEITHNER, and UNITED STATES DEPARTMENT OF TREASURY,**

        **Defendants.**
_____/

**ORDER**

Ave Maria University has filed this lawsuit to challenge regulations promulgated under the Affordable Care Act, see 42 U.S.C. § 300gg-13(a)(4), that require group health plans and health insurance issuers, unless grandfathered or otherwise exempt, to cover all FDA-approved contraception and sterilization methods.  Ave Maria argues that it cannot comply with this contraceptive-coverage mandate without violating its religious beliefs and that the mandate violates the First Amendment, the Religious Freedom Restoration Act, and the Administrative Procedure Act.  The Defendants have moved to dismiss Ave Maria's Complaint on the basis that Ave Maria lacks standing and that its claims are not ripe for adjudication.[1]  Because Ave Maria's claims are not ripe, they will be dismissed without prejudice.

---

[1] This case is before the Court on Defendants' Motion to Dismiss (Doc. 21), Ave Maria's Response (Doc. 24), and Defendants' Reply (Doc. 27).  The parties have also filed numerous notices of supplemental authority.

Ave Maria's lawsuit is one of many cases that have been filed throughout the country in which a religiously affiliated institution has challenged the contraceptive coverage requirement in the Affordable Care Act's preventative services regulations. Courts in many of these cases have issued decisions that describe in detail the contraceptive-coverage mandate's statutory and regulatory background. See, e.g., Belmont Abbey Coll. v. Sebelius, 878 F. Supp. 2d 25 (D.D.C. 2012).

The crux of Defendants' ripeness argument is that they are in the process of amending the challenged regulations to accommodate religious concerns and that they have represented that they will never enforce the regulations in their current form against Ave Maria or any similarly situated entity. Ave Maria concedes that it is eligible for a temporary enforcement safe harbor, (see Doc. 24 at 8-9), pursuant to which Defendants will not bring any enforcement action against it for failing to provide contraceptive coverage until at least January 1, 2014. Additionally, Defendants have initiated a rulemaking to amend the regulations and have recently issued a notice of proposed rulemaking that would amend the contraceptive coverage requirement as it applies to Ave Maria. See 78 Fed. Reg. 8456, 8459 (Feb. 6, 2013). Defendants have also represented to this Court that "the regulations are certain to change and that the government will never enforce them in their current form against" Ave Maria or any similarly situated entities. (Doc. 69 at 3-5).

This Court therefore joins the overwhelming majority of courts to have addressed similar challenges by similarly situated plaintiffs in concluding that Ave Maria's claims are not ripe for adjudication. See, e.g., Wheaton Coll. v. Sebelius, No. 12-5273, 2012 WL 6652505 (D.C. Cir. Dec. 18, 2012); Most Reverend Wenski v. Sebelius, No. 12-cv-

23820 (S.D. Fla. Mar. 5, 2013) (attached to Doc. 71); Roman Catholic Diocese of Dallas v. Sebelius, Civil Action No. 3:12-cv-01589-B, 2013 WL 687080 (N.D. Tex. Feb. 26, 2013); Archdiocese of St. Louis v. Sebelius, No. 4:12-cv-924-JAR, 2013 WL 328926 (E.D. Mo. Jan. 29, 2013); Roman Catholic Archbishop of Wash. v. Sebelius, No. 12-cv-0815 (ABJ), 2013 WL 285599 (D.D.C. Jan. 25, 2013); Colo. Christian Univ. v. Sebelius, No. 11-cv-03350-CMA-BNB, 2013 WL 93188 (D. Colo. Jan. 7, 2013); Univ. of Notre Dame v. Sebelius, No. 3:12-cv-00523, 2012 WL 6756332 (N.D. Ind. Dec. 31, 2012); Catholic Diocese of Biloxi v. Sebelius, No. 1:12-cv-00158, 2012 WL 6831407 (S.D. Miss. Dec. 20, 2012); Nebraska v. U.S. Dep't of Health & Human Servs., No. 4:12CV3035, 2012 WL 2913402 (D. Neb. July 17, 2012);  But see Roman Catholic Diocese of Fort Worth v. Sebelius, No. 4:12-cv-00314-Y-TRM (N.D. Tex. Jan. 31, 2013) (attached to Doc. 69); Roman Catholic Archdiocese of N.Y. v. Sebelius, No. 12 Civ. 2542(BMC), 2012 WL 6042864 (E.D.N.Y. Dec. 4, 2012).

Accordingly, Defendants' Motion to Dismiss (Doc. 21) is **GRANTED**, and Ave Maria's Complaint (Doc. 1) is **DISMISSED** without prejudice.  The Clerk is directed to close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on March 29, 2013.

JOHN ANTOON II
United States District Judge

Copies furnished to:

Counsel of Record